UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 18-261-01 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| JAMARCIA WOODS (01) | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

Before the Court is a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) filed by Defendant Jamarcia Woods ("Woods"). Record Document 189. In his motion, Woods argues he is entitled to a reduction of sentence because his children's caretaker has been diagnosed with leukemia, and because he has rehabilitated during his term of imprisonment. The Government opposes Woods's motion and argues Woods is not entitled to relief. Record Document 195.

For the following reasons, Woods's motion for reduction of sentence [Record Document 189] is **DENIED**.

### Background

On September 27, 2018, Woods was charged in an eight-count indictment. Record Document 1. On February 28, 2019, Woods, his brother Roderick Woods, and his girlfriend Natalie Tucker ("Tucker") were charged in a fourteen-count superseding indictment. Record Document 38. Woods was charged with: (1) conspiracy to distribute and possess with the intent to distribute fifty (50) grams or more of methamphetamine, and five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) three

counts of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1); (3) distribution of crack cocaine, in violation of 21 U.S.C. 841(a)(1); (4) two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); (5) distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1); (6) conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and (7) five counts of money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), (a)(1)(B)(i), and (2). *Id.*

Woods pleaded guilty to distribution of methamphetamine. Record Document 116. With a total offense level of thirty-five and criminal history category of II (with two points), his Guideline range was 188 to 235 months. Record Document 129 at 17. The Court sentenced Woods below his Guideline range to 170 months imprisonment and four years of supervised release. Record Document 161. The Court based its downward variance on the 18 U.S.C. § 3553(a)(1) factors including Woods's employment record, overstated criminal history, and to avoid unwarranted sentencing disparities among defendants. Record Document 162 at 3. Woods appealed his conviction to the Fifth Circuit, which dismissed his appeal as frivolous and affirmed the judgment of the district court. Record Document 188.

On April 16, 2022, Woods submitted a request to the warden of his facility requesting compassionate release for two reasons: (1) his family's medical conditions including his sister's brain injury, brother's heart condition, father's high blood pressure

and prostate issues, and mother's hip replacement; and (2) the "ongoing threat of COVID in prison."[1] Record Document 196-1 at 3. The warden denied his request. *Id.* at 1.

On September 14, 2022, Woods filed the instant motion with the Court. In his motion, Woods argues that he faces extraordinary and compelling circumstances because the caregiver of his minor children has become incapacitated. Record Document 189-1 at 2. He asserts that Tucker—his "common law wife"—was diagnosed with acute lymphoblastic leukemia and was receiving chemotherapy treatments. Woods further contends that because of his family's varying health concerns, they cannot help Tucker care for the children.[2] *Id.* Woods submitted with his motion documentation of Tucker's diagnosis. *Id.* at 5-7. He also submitted his progress report listing several courses Woods has taken during his period of incarceration. *Id.* at 12-14.

---

[1] The Court does not consider Woods's claim about the "ongoing threat of COVID" because it is not raised in Woods's motion to this Court. Woods is a *pro se* litigant and his filings are "entitled to the benefit of liberal construction." *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011). However, there is no construction of Woods's motion that would bring his COVID-related claim before the Court.

[2] For the same reasons as explained *supra* note 1, the Court does not consider Woods's claim related to his family members' alleged incapacitation due to various health concerns. In the form Woods submitted with his motion, Woods marked the reason he may be entitled to relief as: "The caregiver of my minor child or children has died or become incapacitated and I am the only available caregiver for my child or children." Record Document 189 at 4. He makes no claims that he is the only available caregiver for any of his other family members. His motion argues that his family cannot assist in the care of his minor child or children because of their health concerns.

3

## Law & Analysis

### I. Exhaustion of Remedies

Historically, only the Director of the Bureau of Prisons ("BOP") could file a motion to reduce an inmate's sentence. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5193, 5239. After the First Step Act of 2018, however, a court may consider compassionate release motions directly from prisoners. 18 U.S.C. § 3852(c)(1)(A). But before a prisoner pursues compassionate release through a district court, he must first exhaust all administrative remedies or wait for a lapse of thirty days from the time he files his request with the warden. *Id.*

The administrative-exhaustion provision of 18 U.S.C. § 3852(c)(1)(A) is set out in mandatory terms: The district court can only modify a sentence after the defendant has exhausted administrative remedies. This mandatory language includes no exceptions, equitable or otherwise. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 361 (5th Cir. 2022) (citing *Ross v. Blake*, 578 U.S. 632, 639 (2016)) ("Mandatory exhaustion regimes brook no exceptions."); *United States v. Alam*, No. 20-1298, 2020 WL 2845694, at *3 (6th Cir. June 2, 2020) ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions."). Generally, "to exhaust h[is] administrative remedies, a prisoner must first present to the BOP the *same grounds* warranting release that the prisoner urges in h[is] motion." *United States v. Dodd*, No. 13-182, 2020 WL 7396527, at *2 (E.D. Tex. Dec. 17, 2020) (emphasis added). This is because, in general, the BOP is in the best position to assess the inmates within its facilities to determine whether they are appropriate candidates for release under the current guidance. *United States v. Koons*,

455 F. Supp. 3d 285, 292 (W.D. La. 2020). Therefore, this Court should only consider Woods's motion if he has satisfied the aforementioned exhaustion requirement.

In his letter to the warden, Woods only raised his request pursuant to COVID-19 conditions and his family members' various medical conditions. *See* Record Document 196-1 at 3. These claims are not the claims raised in Woods's motion to this Court. *See supra* n.1-2. Although Tucker was diagnosed with cancer prior to Woods's request to the warden, Woods did not include this information in his request. *See* Record Documents 196-1 at 3 & 189-1 at 5-7. There is no evidence Woods has ever asserted to the BOP he is entitled to relief on the basis of Tucker's diagnosis. Woods has failed to give the BOP the opportunity to determine whether he is entitled to release for this reason under current guidance and has therefore failed to exhaust his administrative remedies as to that claim.

The Court notes briefly that even if Woods had exhausted his administrative remedies, he would not be entitled to relief based on Tucker's cancer diagnosis. In the instant motion, Woods refers to Tucker's children N.S. and T.S. as *his* minor children and submits that Tucker is no longer able to care for the children because of her diagnosis. N.S. and T.S. are neither Woods's biological children nor his stepchildren. While this is not dispositive under the Guidelines, Woods provides *no* evidence to show that he was involved in the care or upbringing of either child.[3] Neither child is accounted for in Woods's

---

[3] The Guidelines now provide that an extraordinary or compelling circumstance can exist based on the "death or incapacitation of the caregiver of the defendant's minor child ..." *or* where the defendant can establish similar circumstances "involving any other immediate family member or an individual whose relationship with the defendant is

presentence report. *See* Record Document 129 at 13-14. But most significantly, N.S. and T.S. are now eighteen and twenty years old. *See* Record Document 189-1 at 17. They are no longer minor children and Woods's claim that they are minor children who need his care would be moot.

In sum, Woods has not exhausted his administrative remedies as to his claim that he is entitled to relief because of Tucker's cancer diagnosis. Even if he had exhausted his administrative remedies, the children he is now claiming as his own are no longer minor children that would need his care, and his claim would be moot.[4]

## Conclusion

For the reasons assigned herein, Woods's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) [Record Document 189] is hereby **DENIED**.

**THUS DONE AND SIGNED** this 6th day of December, 2024.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

---

similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual." U.S.S.G. § 1B1.13(b)(3).

[4] The Court does not consider evidence of Woods's rehabilitation because "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" for the purposes of compassionate release. U.S.S.G. § 1B1.13(d) (pursuant to 28 U.S.C. § 994(t)); *United States v. Grimaldo*, No. 08-107, 2022 WL 4126106, at *7 (E.D. Tex. Sept. 9, 2022). Woods does not allege any other cognizable reason he would be entitled to compassionate release.

6